Ex parte Díaz Collazo, Peticionario.

Solicitud para ser admitido al ejercicio de la abogacía sin examen.

Moción *de reconsideración.*

No. 11.—Resuelto en mayo 9, 1914

Habiendo presentado el peticionario solicitud para ser admitido al ejercicio de la profesión, de abogado sin examen, fué ésta denegada por resolución de mayo 1, 1914, y solicitada reconsideración de dicha resolución, fué ésta denegada por resolución de mayo 9, 1914.

Abogados—Admisión Sin Examen—Interpretación Restrictiva de la Ley.— La sección 4 de la ley de marzo 8, 1906, enmendada por ley de marzo 14, 1907, página 165, autorizando la admisión de un abogado al ejercicio de la profesión sin examen en los casos expresamente designados, debe ser interpretada restrictivamente por ser una excepción a la regla general vigente de que sólo podrán ser admitidos a postular como abogados los que demuestren su suficiencia mediante exámen.

Id.—Admisión Sin Examen—Ejercicio Activo de la Profesión Durante Dos Años—Prueba Insuficiente.—De acuerdo con la sección 4 de la ley de marzo 8, 1906, enmendada por ley de marzo 14, 1907, página 165, para que un abogado pueda ser admitido al ejercicio de la profesión sin examen, es necesario, entre otros requisitos, que pruebe satisfactoriamente que ha

trabajado activamente como abogado durante dos años o más, incluyendo por lo menos un año de ejercicio en el Tribunal de Distrito de los Estados Unidos para Puerto Rico, por lo que no es suficiente la prueba si no se refiere a trabajos en dichos dos años y sí solo a un período de ellos, o si se refiere a trabajos hechos por el peticionario en asuntos cuya representación también tenía otro abogado y en los cuales la intervención del peticionario pueda haber sido meramente nominal.

Los hechos están expresados en la resolución.

El peticionario compareció por escrito en nombre propio.

*Por cuanto* la sección 4 de la ley de 8 de marzo de 1906, determinando reglas para el ejercicio de la profesión de abogado en Puerto Rico, tal como quedó enmendada en 14 de marzo de 1907, página 165, nos faculta para que podamos admitir a ejercer ante los tribunales de esta Isla, sin sufrir examen, a los abogados admitidos a postular ante el Tribunal Supremo de cualquier Estado o Territorio de los Estados Unidos, o en el Tribunal de Distrito de los Estados Unidos para Puerto Rico, que hubiesen estado ocupados activamente en el ejercicio de la abogacía durante dos años o más, incluyendo por lo menos un año de ejercicio en el Tribunal de Distrito de los Estados Unidos para Puerto Rico, y que nos presenten prueba satisfactoria de tal extremo, entre otros que exige la ley;

*Por cuanto* el citado precepto debe aplicarse de manera estricta por ser una excepción de la regla general vigente de que sólo podrán ser admitidos a postular como abogados los que demuestren su suficiencia mediante examen;

*Por cuanto,* de acuerdo con la ley, es necesario que se nos presente prueba satisfactoria por la cual podamos llegar a la conclusión de que la persona que solicita que la admitamos a ejercer como abogado, sin sufrir el examen exigido como regla general, ha trabajado activamente como abogado durante el período de dos años, por lo que no es suficiente la prueba si no se refiere a trabajos en dichos dos años y sí sólo a un período de ellos;

*Por cuanto* la prueba que nos presenta el peticionario no demuestra que haya trabajado en el Tribunal de Distrito de

los Estados Unidos para Puerto Rico por dos años o más, sino que ha hecho algun trabajo, sin que podamos apreciar por ella si comenzó a trabajar hace dos años o con posterioridad, pudiendo más bien deducirse esto último;

*Por cuanto* cuando se nos pide una admisión sin examen, no nos satisface por regla general la prueba de haber trabajado en asuntos cuya representación también tenía otro abogado, pues nos asalta la duda de si la intervención del peticionario es meramente nominal y al solo efecto de presentarnos prueba de que ha trabajado en determinados asuntos.

*Por tanto* vista la moción de reconsideración y los juramentos con ella presentados, no ha lugar a modificar nuestra resolución del día primero del mes en curso.

*Denegada la reconsideración solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.